**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.  Case No.: 3:00-cr-436-BJD-JBT-1

KARL WALDON

---

# ORDER

Before the Court is Defendant Karl Waldon's "Motion 28 U.S.C.A. Section 1361," in which he alleges that "extraordinary and compelling" reasons exist to reduce his sentence or to transfer him to home confinement under 18 U.S.C. § 3582(c)(1)(A). (Doc. 669, Motion). Waldon later submitted a supplement as well. (Doc. 677). The Court construes the Motion as a motion for compassionate release or reduction in sentence under § 3582(c)(1)(A). The United States has responded in opposition. (Doc. 681, Response).

## I. Background

Waldon, a former law enforcement officer for the Jacksonville Sheriff's Office (JSO), was convicted and sentenced to life in prison "for his involvement in a crime spree that culminated in the robbery and murder of convenience store owner Sami Safar." United States v. Waldon, 363 F.3d 1103, 1106 (11th Cir. 2004). Following trial, a jury found Waldon guilty of more than a dozen crimes,

1

including obstruction of justice by murder. The Court sentenced Waldon to concurrent terms of life in prison for conspiracy to violate civil rights (Count One of the Second Superseding Indictment), depriving a person of civil rights (Counts Seven and Eight), and obstruction of justice by murder (Count Twelve). (Doc. 582, Amended Judgment). In addition, the Court imposed the following sentences: concurrent terms of 20 years in prison for conspiracy to distribute narcotics (Count Two)[1], the distribution of cocaine (Counts Four and Ten), and Hobbs Act robbery (Count Nine); concurrent terms of 10 years in prison for depriving a person of civil rights (Count Six), making a false statement before a grand jury (Counts Thirteen and Fourteen), and threatening a witness (Count Fifteen); five years in prison for conspiracy to obstruct justice (Count Eleven); and one year for depriving a person of civil rights (Count Three). Id. The Eleventh Circuit Court of Appeals affirmed Waldon's convictions and sentences on direct appeal, Waldon, 363 F.3d at 1113, and the United States Supreme Court denied his petition for a writ of certiorari, Waldon v. United States, 543 U.S. 867 (2004).

Waldon is now 58 years old and has been in prison for a little over 20 years. He moves for a reduction in sentence for an assortment of reasons he

---

[1] The jury verdict reflects that the offense of conviction was conspiracy to distribute cocaine and less than five grams of cocaine base. (Doc. 534, Jury Verdict at 2). The presentence investigation report (PSR) noted that a 20-year maximum prison sentence applied to Count Two, corresponding to the penalty provision in 21 U.S.C. § 841(b)(1)(C). PSR at p. 20.

2

contends are "extraordinary and compelling." Among other things, Waldon cites: (1) the Bureau of Prisons' (BOP's) failure to transfer him to home confinement, which he claims it has a "duty" to do under Section 602 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194; (2) the disparity between his sentence and that of his codefendants, who were sentenced to around 15 years in prison or less; (3) the existence of "erroneous methods and conclusions" affecting his conviction and sentence; and (4) the retroactive applicability of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, under Section 404 of the First Step Act. Motion at 1–2. Waldon contends that he should be transferred to home confinement because he is classified as a "low-risk" inmate. He also contends that the sentencing factors under 18 U.S.C. § 3553(a) support a reduction in sentence because he has been a model prisoner, because he has been rehabilitated, and because he has completed 1,225 hours of programs and courses.

## II. Law

"Finality is essential to the operation of our criminal justice system. Deterrence depends upon it. Rehabilitation demands it. And it benefits the victim by helping her put the trauma of the crime and prosecution behind her." United States v. Bryant, No. 19–14267, 2021 WL 1827158, at *5 (11th Cir. May 7, 2021) (published) (internal alterations and citations omitted). For that

3

reason, a district court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The policy statement applicable to motions under § 3582(c)(1)(A) is U.S.S.G. § 1B1.13. According to the policy statement, a district court can reduce a defendant's term of imprisonment if, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," the court finds that:

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The policy statement's application notes define what circumstances qualify as "extraordinary and compelling reasons" for a sentence reduction. Id., cmt. 1. Those circumstances are (A) a serious medical condition affecting the defendant, (B) the age of the defendant, (C) certain family circumstances, and (D) "Other Reasons," other than or in combination with those described in (A) through (C), "[a]s determined by the Director of the Bureau of Prisons." Id. The Eleventh Circuit Court of Appeals has clarified that § 1B1.13 "is an applicable policy statement for a Section 3582(c)(1)(A) motion, no matter who files it," such that the policy statement's definition of "extraordinary and compelling reasons" in Application Note 1 is still controlling. Bryant, 2021 WL 1827158, at *1. The court further held that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Id. at *2. Accordingly, when a defendant moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a district court can grant relief only if the defendant satisfies the criteria set forth in § 1B1.13, including one of the definitions of "extraordinary and compelling reasons" set forth in Application Note 1. See id. at *15.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district

5

court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

### III. Discussion

As a preliminary matter, Waldon has offered no evidence he satisfied § 3582(c)(1)(A)'s exhaustion requirement by submitting a request for a reduction in sentence to the warden of his facility. The statute's exhaustion requirement is a firm prerequisite for moving for compassionate release in district court, which is not subject to judicially created exceptions. United States v. Alam, 960 F.3d 831, 833-36 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). For this reason alone, the Motion does not warrant relief.

Putting exhaustion aside, Waldon has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Waldon cites several circumstances he believes are extraordinary and compelling, including: (1) the BOP's failure to transfer him to home confinement; (2) the disparity between his sentence and that of his codefendants; (3) the existence of "erroneous methods and conclusions" affecting his conviction and sentence; and (4) the retroactive applicability of the Fair Sentencing Act under Section 404 of the First Step Act. Motion at 1–2. None of the reasons set forth in his Motion, alone or in

combination, falls within the policy statement's definition of "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. 1. "Because [Waldon's] motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,'" his Motion is due to be denied. <u>Bryant</u>, 2021 WL 1827158, at *15.

Moreover, the BOP has no "duty" to transfer Waldon in particular to home confinement, as he contends. Rather, Section 602 of the First Step Act, titled "Home Confinement for Low-Risk Prisoners," amended 18 U.S.C. § 3624 to add the following: "The Bureau of Prisons <u>shall</u>, <u>to the extent practicable</u>, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." First Step Act, § 602 (emphasis added); <u>see also</u> 18 U.S.C. § 3624(c)(2). Waldon seizes on the word "shall" to argue that the BOP has a duty to place <u>him</u> on home confinement, but he ignores the phrase "to the extent practicable." Waldon also ignores the first sentence of § 3624(c)(2), which states: "The authority under this subsection <u>may</u> be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2) (emphasis added). Under this statute, the BOP has exclusive discretion and authority to decide whether to place a particular inmate on home confinement. <u>United States v. Alvarez</u>, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2-3 (S.D. Fla. May 21, 2020). "Neither § 3624(c)(2) nor the CARES Act … give the judiciary any authority to grant an inmate's request for home confinement."

United States v. Groover, 844 F. App'x 185, 188 (11th Cir. 2021) (citing 18 U.S.C. § 3624(c)(2); CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2)); see also United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant an inmate's request for a direct transfer to home confinement under the Second Chance Act). Therefore, the Court has no authority to order that the BOP transfer Waldon to home confinement.

Waldon complains about the disparity between his life sentence and that of his codefendants, but this complaint is frivolous. Only Waldon was convicted of obstruction of justice by murder. Compare Amended Judgment Against Waldon (Doc. 582) with Amended Judgment Against Aric Sinclair (Doc. 587) and Amended Judgment Against James Swift, Jr. (Doc. 588). It was Waldon who murdered the victim, Sami Safar, by strangling him to death. See Waldon, 363 F.3d at 1107. Although Waldon's codefendants may have been involved in the same criminal scheme that led to Safar's murder, only Waldon carried out the killing. Thus, Waldon's sentence of life in prison, while disparate, is hardly "unwarranted." 18 U.S.C. § 3553(a)(6).

Third, Waldon contends that "erroneous methods and conclusions" affected his conviction and sentence. Motion at 2. Waldon seems to refer to his belief that he "felt compelled to give statements [before a grand jury] that if not given, his trial would have [had] a different outcome, then felt compelled to present misrepresentations during said testimony." Id. at 11. This issue was

litigated on direct appeal, when Waldon argued that the Court erred by not suppressing statements he made before a grand jury because his grand jury testimony was compelled. Waldon, 363 F.3d at 1112. Waldon argued that he believed he would lose his job as a JSO officer if he invoked his Fifth Amendment privilege before the grand jury. Id. However, both this Court and the Eleventh Circuit Court of Appeals rejected that argument, reasoning that Waldon's belief he would lose his job if he invoked the Fifth Amendment was not objectively reasonable. Id. The Court will not entertain Waldon's attempt to rehash that argument.

Finally, Waldon argues "that his 'entire' sentence is under the 'covered offense' clause within Section 404" of the First Step Act, such that he is eligible to have his entire sentence reduced. Motion at 2. Preliminarily, this argument should be brought in a motion for a sentence reduction under Section 404 of the First Step Act, not in a motion under § 3582(c)(1)(A).[2] In any event, Waldon is wrong. "To be eligible for a reduction under § 404(b) [of the First Step Act], a movant's offense of conviction must have been a 'covered offense,' meaning a crack-cocaine offense that triggered the enhanced statutory penalties set forth in [21 U.S.C.] § 841(b)(1)(A)(iii) or (B)(iii)." United States v. Russell, 994 F.3d 1230, 1236–37 (11th Cir. 2021) (citing United States v. Jones, 962 F.3d 1290,

---

[2] Although the Court does not construe Waldon's motion as one under Section 404 of the First Step Act, it rejects this argument insofar as Waldon raises it as an "extraordinary and compelling" reason under § 3582(c)(1)(A).

9

1301 (11th Cir. 2020)). None of Waldon's convictions fell under § 841(b)(1)(A)(iii) or (B)(iii), and therefore none was a "covered offense." The only ones that come close are Waldon's convictions for conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C §§ 846 and 841(b)(1)(C) (Count Two)[3], and for distribution of cocaine, in violation of §§ 841(a)(1) and 841(b)(1)(C) (Counts Four and Ten). However, a conviction involving only a detectable amount of crack cocaine under § 841(b)(1)(C) is not a covered offense. See Jones, 962 F.3d at 1300-01; United States v. Dixon, 828 F. App'x 529, 532 (11th Cir. 2020); United States v. Terry, 828 F. App'x 563, 565 (11th Cir. 2020). Besides, even if any of Waldon's narcotics convictions did count as a "covered offense," it would not affect his overall sentence. Waldon's sentence of life in prison is based on his convictions for conspiracy to violate civil rights, in violation of 18 U.S.C. § 241, depriving a person of civil rights, in violation of 18 U.S.C. § 242, and obstruction of justice by murder, in violation of 18 U.S.C. § 1512(a)(1)(C). The First Step Act is irrelevant to these convictions. As such, Section 404 of the First Step Act does not affect Waldon's overall sentence.

Finally, even if Waldon could somehow demonstrate extraordinary and compelling circumstances, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). Waldon was

---

[3] See Footnote 1, supra.

justly sentenced to life in prison for a crime spree that culminated in him murdering an innocent man. See Waldon, 363 F.3d at 1106-08 (describing the facts of the offenses of conviction). Releasing Waldon from prison after a little over 20 years would utterly fail to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Although Waldon proclaims himself rehabilitated, he minimizes his role in the offense by suggesting he is no more culpable than the codefendants who did not murder Sami Safar. Such statements do not reflect acceptance of responsibility or remorse, despite what Waldon says to the contrary. Although the Court commends Waldon for trying to better himself while in custody, reducing his sentence is not warranted in view of all the § 3553(a) factors.

Accordingly, Defendant Karl Waldon's "Motion 28 U.S.C.A. Section 1361," construed as a motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 669), as supplemented (Doc. 677), is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of June, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19
Copies:
Counsel of record
Defendant